Defendant-appellant Charles Kohlmeyer appeals from the May 15, 2000, Entry of the Licking County Court of Common Pleas adjudicating him a sexual predator as defined in R.C. 2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On September 25, 1985, the Licking County Grand Jury indicted appellant on one count of rape in violation of R.C. 2907.02 and one count of gross sexual imposition in violation of R.C. 2907.05. At his arraignment on October 11, 1985, appellant entered a plea of not guilty to the charges contained in the indictment. The Bill of Particulars, which was filed on October 23, 1985, alleged that appellant had engaged in vaginal intercourse with Jennifer Kohlmeyer, who was less than thirteen years of age, and had fondled and pinched her breast. According to the Bill of Particulars, appellant "had admitted that `he found his hands in places where they should not have been' but denied any sexual activity." Jennifer Kohlmeyer, who is appellant's daughter, was twelve years old at the time, whereas appellant was forty. Thereafter, following a jury trial, appellant was found guilty of rape but not guilty of gross sexual imposition. As memorialized in a Judgment Entry filed on February 11, 1986, appellant was sentenced to a prison term of eight to twenty-five years. After the enactment of Ohio's version of Megan's Law, R.C. Chapter 2950, a hearing to determine appellant's status as a sexual predator under R.C. 2950.09 was held on May 9, 2000. At the conclusion of the hearing and as memorialized in an Entry filed on May 15, 2000, the trial court adjudicated appellant a sexual predator as defined in R.C.2950.01(E). The trial court, in its entry, stated as follows: "[t]his determination is arrived at based upon the testimony presented at the hearing on this matter, as well as a full review of the file, including a trial transcript. The reasons for this court's determination that the defendant [appellant] qualified as a "sexual predator" is more fully detailed in its oral pronouncement at the conclusion of the evidentiary hearing, all of which is incorporated herein by reference."
It is from the trial court's May 15, 2000, Entry that appellant now prosecutes his appeal, raising the following assignments of error:
 I THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL DUE TO THE FAILURE OF TRIAL COUNSEL TO PRESERVE CHALLENGES TO THE CONSTITUTIONALITY OF THE MECHANISM, RETROACTIVITY AND NOTIFICATION REQUIREMENTS OF OHIO'S SEXUAL PREDATOR REGISTRATION AND NOTIFICATION LAW.
 II THE TRIAL COURT COMMITTED HARMFUL ERROR IN DETERMINING, BASED ON THE RECORD HEREIN, THAT THE STATE OF OHIO ESTABLISHED THAT THE DEFENDANT-APPELLANT WAS A SEXUAL PREDATOR, AS THE TERM IS DEFINED BY THE OHIO REVISED CODE.
 I
Appellant, in his first assignment of error, argues that he was denied effective assistance of counsel because his trial counsel failed to challenge R.C. Chapter 2950, Ohio's sexual predator and notification law, on constitutional grounds at appellant's sexual predator hearing. The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. The Ohio Supreme Court, in State v. Cook (1998), 83 Ohio St.3d 404 and State v. Williams (2000), 88 Ohio St.3d 513 upheld the constitutionality of the provisions contained in R.C. 2950.01 et seq. Because the Ohio Supreme Court held in such cases that R.C. Chapter 2950 is constitutional, defendant has failed to demonstrate that the performance of his attorney in failing to raise objections to the constitutionality of R.C. Chapter 2950 at the sexual predator hearing was deficient. See State v. Duvall (Dec. 30, 1998), Lorain App. No. 97CA006863, unreported State v. Anderson (Nov. 5, 1999), Miami App. No. 98-CA-44, unreported, and State v. Howell (Sept. 28, 2000), Adams App. No. 99CA679, unreported. In short, appellant has failed to meet the test outlined in Bradley, supra. for establishing ineffective assistance of counsel. Since the failure of appellant's trial counsel to raise objections to the sexual predator statute would not have changed the outcome of the hearing, appellant has suffered no prejudice from his trial counsel's omissions. Appellant's first assignment of error is, therefore, overruled.
 II
Appellant, in his second assignment of error, contends that the trial court committed harmful error in adjudicating him a sexual predator. In State v. Cook, supra the Supreme Court of Ohio determined that R.C. Chapter 2950 is remedial, not punitive, in nature. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. Accordingly, judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Pursuant to R.C. 2950.01(D)(1), rape in violation of R.C. 2907.02 is a sexually oriented offense. R.C. 2950.09(C) sets forth that the trial court shall consider the factors listed in R.C. 2950.09(B)(2) in determining whether someone is a sexual predator, and shall only make such determination if the trial court finds the evidence is clear and convincing. (R.C.2950.09(C)(2)(b)) R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct." At the sexual predator hearing in the case sub judice, Kelly Miller, a probation officer for the Licking County Common Pleas Court who supervises and coordinates treatment for sexual offenders who are currently on probation, testified. Miller testified that after reviewing the court file and the information supplied by the Ohio Department of Rehabilitation and Corrections, he determined that appellant was a sexual predator. Miller based his opinion on the intrusiveness of the offense, the age of the victim at the time of the offense (the victim was 12 years old at such time whereas appellant was forty), "the repeated nature of the offenses, a need for treatment and the lack of acceptance by — of responsibility for the offense by the defendant, . . ." Transcript of Hearing at 7. Appellant, Miller testified, had never completed any sexual offender treatment. Miller further testified that, in arriving at his opinion, he relied on a psychological report prepared in 1995 by the State of Ohio Department of Rehabilitation. The psychological report stated, in part, that "due to personality features, risk to female children cannot be overruled at this point in time." The examiner, in the psychological report, also voiced concerns that appellant denied any sexually deviant behavior and presented himself as the victim and that "[w]ithout completion of a formalized sex offender treatment program, . . . there is future risk of sexual acting-out." According to the psychological report, "[i]f released to parole supervision, he [appellant] should not become involved in relationships where young female children are present." As evidenced by the March, 2000, "Institution Summary Report" that was admitted at the hearing as appellee's Exhibit 3, appellant had not received any sexual offender treatment as of the date of the hearing. At the conclusion of the sexual predator hearing, the trial court stated as follows on the record: THE COURT: As has been pointed out by the assistant prosecutor, Mr. Oswalt, I presided over the jury trial, and I have also reviewed a transcript of the trial that's in the file. The Court takes into consideration in making a determination in this case the age of the victim at the time of the offense; the age of the defendant; and the relationship of the defendant with the victim. The Court also is taking into consideration the nature of the contact with the victim by the defendant and the nature of the offense. The Court notes the lack of remorse, lack of acceptance of responsibility. The defendant has maintained his innocence throughout the course of the trial and subsequent. The Court is concerned that there has been no treatment and that there is a finding that there is a need for treatment; that in this particular case, the danger — there is the danger of future sexual offenses. The Court also is taking into consideration the recommendation of Mr. Kelly Miller and his basis. Further, the Court takes into consideration the need for the victim and others to receive notification of the status of the defendant. The Court does find, not only by clear and convincing evidence, but I find beyond a reasonable doubt the defendant, because of these factors, is to be determined — is found to be a sexual predator. It is, therefore, the order of this Court that the defendant does have the duty to register as a sexual offender in the category as a sexual predator and to comply with all of the Revised Code Section requirements regarding that status.
Transcript of Hearing at 22-23. (Emphasis added). We find that the young age of the victim, appellant's relationship to the victim and his manipulation of the same, the intrusiveness of the offense on the victim, and the likelihood of reoffending all mitigate in favor of the trial court's decision adjudicating appellant a sexual predator. While appellant contends that the trial court never explicitly found that appellant was likely to reoffend, such a finding is implicit in the trial court's adjudication of appellant as a sexual predator. Accordingly, we find that the trial court considered the elements set forth in R.C.2950.09(B)(2) and that there was competent, credible evidence to support the trial court's findings. We further find that the evidence presented and the findings made by the trial court support the finding that appellant is a sexual predator under R.C. 2950.01(E) by clear and convincing evidence and that said finding is not against the manifest weight of the evidence. Appellant's second assignment of error is, therefore, overruled.
Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.
Edwards, J. Gwin, P.J. and Wise, J. concur